IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTERNATIONAL CONTROL SYSTEMS, LLC | § § § | |
| Plaintiff, | § § | Civil Action No. 2:08-cv-188 TJW |
| vs. | § § | |
| SONY ELECTRONICS, INC.; PANASONIC CORPORATION OF NORTH AMERICA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; TTE TECHNOLOGY, INC.; SHARP ELECTRONICS CORPORATION; JVC AMERICAS CORP; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; HITACHI HOME ELECTRONICS (AMERICA), INC.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; LG ELECTRONICS U.S.A, INC. | § § § § § § § § § § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

**COMPLAINT**

Plaintiff International Control Systems, LLC ("ICS") brings this action against the Defendants Sony Electronics, Inc. ("Sony"), Panasonic Corporation of North America ("Panasonic"), Philips Electronics North America Corporation ("Philips"), , TTE Technology, Inc., ("TTE"), Sharp Electronics Corporation ("Sharp"), JVC Americas Corp. ("JVC"), Toshiba America Consumer Products, LLC ("Toshiba"), Hitachi Home Electronics Inc. ("Hitachi"), Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), Samsung Electronics America, Inc. ("Samsung"), LG Electronics U.S.A., Inc. ("LG")   (collectively "Defendants") and for its cause of action alleges:

**The Parties**

1. ICS is a Delaware limited liability corporation having its principal place of business at 20418 North Tanglewood Drive, Sun City West, Arizona 85375.

2. Sony Electronics is a Delaware corporation with its principal place of business at 555 Madison Avenue, 8th Floor, New York, NY 10022-330. Upon information and belief, Sony Electronics is doing business in the Eastern District of Texas and elsewhere. Sony Electronics may be served with process by serving its registered agent Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, 701 Brazos Street., Suite 1050, Austin, TX 78701-3232.

3. Panasonic is a Delaware corporation with its principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094. Upon information and belief Panasonic is doing business in the Eastern District of Texas and elsewhere. Panasonic may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201-4201.

4. Philips is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York 10020. Upon information and belief Philips is doing business in the Eastern District of Texas and elsewhere. Philips may be served with process by serving its registered agent Corporation Service Company D/B/A, 701 Brazos Street, Suite 1050, Austin, TX  78701-3232.

5. TTE is a corporation organized and existing under the laws of Delaware with a place of business at 101 West 103rd Street, Indianapolis, Indiana 46290. Upon information and belief, TTE is doing business in the Eastern District of Texas and elsewhere. TTE may be served

with process by serving Corporation Service Company DBA CSC – Lawyers, 701 Brazos Street, Suite 1050, Austin, TX 78701-3232.

6. Sharp is a New York corporation with its principal place of business at Sharp Plaza, Mahwah, New Jersey 07430. Upon information and belief Sharp is doing business in the Eastern District of Texas and elsewhere. Sharp may be served with process by serving its registered agent C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201-4201.

7. JVC is a Delaware corporation with its principal place of business at 1700 Valley Road, Wayne, New Jersey 07470. Upon information and belief JVC is doing business in the Eastern District of Texas and elsewhere. JVC may be served with process by serving its registered agent C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201-4201.

8. Toshiba is a New Jersey corporation with its principal place of business at 82 Totawa Road, Wayne, N.J. 07470-3114. Upon information and belief Toshiba is doing business in the Eastern District of Texas and elsewhere. Toshiba may be served with process by serving its registered agent Corporation Trust Company, 820 Bear Tavern Road, Trenton, N.J. 08628-1021.

9. Hitachi America is a California corporation with its principal place of business at 900 Hitachi Way, Chula Vista, California 91914. Upon information and belief Hitachi America is doing business in the Eastern District of Texas and elsewhere. Hitachi America may be served with process by serving its registered agent C T Corporation System, 818 W. 7th Street, Los Angeles, CA 90017-3407.

10. Mitsubishi is a Delaware corporation with its principal place of business at 9351 Jeronimo Road, Irvine, California 92618. Upon information and belief Mitsubishi is doing business in the Eastern District of Texas and elsewhere. Mitsubishi may be served with process

by serving its registered agent C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201-4201.

11.     Samsung is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Upon information and belief Samsung is doing business in the Eastern District of Texas and elsewhere. Samsung may be served with process by serving its registered agent C T Corporation System, 350 N. St. Paul Street, Dallas, TX  75201-4201.

12.     LG is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Upon information and belief LG is doing business in the Eastern District of Texas and elsewhere. LG may be served with process by serving its registered agent United States Corporation Co., 701 Brazos Street, Suite 1050, Austin, TX  78701-3232.

**Jurisdiction and Venue**

13.      This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claims for patent infringement under 28 U.S.C. §1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

**Factual Background**

14.     On May 20, 1997, U.S. Patent No. 5,631,714 ("the '714 patent") was duly and legally issued to Serge Saadoun for "Apparatus for Automatically Adapting the Mean Sound Level of a Television Receiver".  A copy of the '714 patent is attached as Exhibit A and is made a part hereof.

15.     Serge Saadoun is the owner of the '714 patent and has granted ICS the exclusive right to enforce the '714 patent, and to represent him in regard to all business matters pertaining

to the '714 patent as attorney in fact, including, without limitation, efforts to enforce and license the '714 patent. ICS has had the right at all relevant times to enforce the '714 patent.

16. The '714 patent, in general, relates to a system for automatically adapting the mean sound level of a television receiver. The system includes both a video adapting circuit, and an audio adapting circuit that detects the mean sound input level, compares it with a pre-established reference level and automatically adapts the output mean sound level to maintain it at the pre-established level.

### Claim for Patent Infringement

17. ICS realleges and incorporates by reference paragraphs 1 through 16.

18. Upon information and belief, Sony manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model KF-42WE610 receivers, LA-2 Chassis. By providing such products, Sony has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

19. Upon information and belief, Panasonic manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its CT-27SX10B receivers, Chassis AP352. By providing such products, Panasonic has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

20. Upon information and belief, Philips manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent,

including, without limitation, its Model 21PT2265 receivers, Chassis F8. By providing such products, Philips has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

21. Upon information and belief, TTE manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model L32WD12 receivers. By providing such products, TTE has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

22. Upon information and belief, Sharp manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model Model 32F360 receivers, Chassis GB-3U. By providing such products, Sharp has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

23. Upon information and belief, JVC manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its HD-52G566 receivers, Chassis RPG. By providing such products, JVC has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

24. Upon information and belief, Toshiba manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent,

including, without limitation, its 36HFX71 receivers, Chassis N1PS. By providing such products, Toshiba has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

25. Upon information and belief, Hitachi manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model 51UX20B receivers, Chassis DP23. By providing such products, Hitachi has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

26. Upon information and belief, Mitsubishi manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model WD-57831 receivers, Chassis V34. By providing such products, Mitsubishi has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

27. Upon information and belief, Samsung manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Model HCP4241W receivers, Chassis P60A(N). By providing such products, Samsung has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

28. Upon information and belief, LG manufactures, uses, offers to sell and sells television receivers containing automatic sound leveling systems that infringe the '714 patent, including, without limitation, its Zenith Model HCP4241W receivers, Chassis C27A25. By providing such products, LG has in the past infringed and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1, 4, 5, 8, 9, 10, 11, 13, 15 and 17 of the '714 patent.

29. As a result of Defendants' infringing conduct, Defendants have damaged ICS. Defendants are liable to ICS in an amount that adequately compensates ICS for their infringement, which, by law, can in no event be less than a reasonable royalty.

30. Upon information and belief, Defendants have deliberately and willfully infringed the '714 patent, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. § 284 and the award of attorneys fees pursuant to 35 U.S.C. § 285.

31. As a consequence of Defendants' infringement, ICS has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court.

32. ICS has complied with the marking requirements of 35 U.S.C. § 287 with respect to all articles covered by the claims of the '714 patent which it manufactures, offers for sale and sells within the United States, or imports into the United States.

## Demand for Jury Trial

33. ICS demands a jury trial on all claims and issues.

## Prayer For Relief

WHEREFORE, ICS prays for entry of judgment:

A. That U.S. Patent No. 5,631,714 has been infringed by Defendants and by others whose infringement has been contributed to and/or induced by Defendants;

B. That Defendants, and each of their officers, agents, employees, representatives, successors, assigns and those acting in privity or concert with them be permanently enjoined from further infringement of U.S. Patent No. 5,631,714;

C. That Defendants account for and pay to ICS all damages and costs caused by Defendants' activities complained of herein;

D. That ICS be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendants' activities complained of herein;

E. That ICS be granted its attorneys' fees in this action;

F. That costs be awarded to ICS; and

G. That ICS be granted such other and further relief that is just and proper under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  May 8, 2008 | /s/ Edward W. Goldstein<br>Edward W. Goldstein<br>Texas Bar No. 08099500<br>GOLDSTEIN & FAUCETT L.L.P<br>1177 West Loop South, Suite 400<br>Houston, Texas  77027<br>(713) 877-1515 – Telephone<br>(713) 877-1737 – Facsimile<br>E-mail:  egoldstein@gfpiplaw.com<br>E-mail:  cfaucett@gfpiplaw.com<br><br>ATTORNEY FOR PLAINTIFF |

Of Counsel:

GOLDSTEIN & FAUCETT L.L.P
Christopher M. Faucett
Texas Bar No. 00795198
Michael J. Collins
Texas Bar No. 04614510
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737 – Facsimile
E-mail:  mcollins@gfpiplaw.com