IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTERNATIONAL CONTROL SYSTEMS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SONY ELECTRONICS INC.; PANASONIC CORPORATION OF NORTH AMERICA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; TTE TECHNOLOGY, INC.; SHARP ELECTRONICS CORPORATION; JVC AMERICAS CORP; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; HITACHI HOME ELECTRONICS (AMERICA), INC.; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; LG ELECTRONICS U.S.A, INC.; POLAROID CORPORATION; AUDIOVOX ELECTRONIX CORPORATION,<br><br>*Defendants*. | Case No.: 2:08-cv-188-TJW<br><br>Jury Trial Demanded |

## ANSWER OF SONY ELECTRONICS INC. TO AMENDED COMPLAINT

Defendant Sony Electronics Inc. ("SEL") hereby answers the Amended Complaint that Plaintiff International Control Systems, LLC ("ICS") filed with the Court on September 22, 2008. SEL's answer is based upon its knowledge as to its own acts and upon information and belief as to the acts of others. The numbered paragraphs below correspond to the like-numbered paragraphs of the Amended Complaint.

## The Parties

1. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies them.

2. SEL admits that it is a Delaware corporation and that it markets, distributes, and sells various consumer electronic products that are consumed in the Eastern District of Texas and elsewhere. SEL denies the remaining allegations of Paragraph 1.

3. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies them.

4. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies them.

5. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies them.

6. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, denies them.

7. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies them.

8. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies them.

9. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies them.

10. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies them.

11. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies them.

12. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies them.

13. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies them.

14. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies them.

**Jurisdiction and Venue**

15. SEL admits that allegations of the Complaint purport to state a claim for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code, that the Court has jurisdiction over such claims and that venue is proper; SEL states, however, that there are other more convenient venues where ICS could have brought this action.

**Factual Background**

16. SEL admits that U.S. Patent No. 5,631,714 (the "'714 patent") states on its face that it was issued to Serge Saadoun and is titled "Apparatus for Automatically Adapting the Mean Sound Level of a Television Receiver," and that a copy of the patent

is attached as Exhibit A to the Amended Complaint. SEL denies the remaining allegations of Paragraph 16.

17. Denied.

18. SEL admits that the claims of the '714 patent require, among other things, "[a] system for automatically adapting the mean sound level of a television receiver … comprising an adapting module comprising both a video adapting circuit … and secondly an audio adapting circuit … to detect the mean sound input level, to compare said mean sound level with a pre-established reference mean level, and automatically to adapt the output mean sound level to maintain it at said pre-established reference mean level." SEL denies the remaining allegations of Paragraph 18.

**Claim For Patent Infringement**

19. SEL incorporates herein by reference its answers to Paragraphs 1 through 18 as if fully set forth here.

20. Denied.

21. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies them.

22. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies them.

23. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies them.

24. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, denies them.

25. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, denies them.

26. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies them.

27. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies them.

28. SEL lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 28 and, therefore, denies them.

29. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies them.

30. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies them.

31. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies them.

32. SEL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, denies them.

33. SEL denies the allegations of Paragraph 33 as they pertain to SEL. SEL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 and, therefore, denies them.

34. SEL denies the allegations of Paragraph 34 as they pertain to SEL. SEL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and, therefore, denies them.

35. SEL denies the allegations of Paragraph 35 as they pertain to SEL. SEL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and, therefore, denies them.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Noninfringement

37. SEL has not directly infringed, contributed to the infringement of, nor actively induced others to infringe any valid and enforceable claim of the '714 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense – Invalidity

38. Each asserted claim of the '714 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 102, 103 and 112.

### Third Affirmative Defense – Collateral Estoppel

39. As a result of the filings and dismissals pursuant to Fed. R. Civ. P. 41 of *International Control Sys., L.L.C. v. Sharp Elecs. Corp.*, 99-CV-1327 (D. Conn.) and *International Control Sys., L.L.C. v. Sony Am., et al.*, 3:00-CV-537 (D. Conn.), ICS is precluded under the doctrine of collateral estoppel from asserting the '714 patent against Sharp televisions and products that are materially the same, including the accused SEL product.

### Fourth Affirmative Defense – Equitable Defenses

40. ICS's claims are barred in whole or part by equitable doctrines including laches, estoppel and unclean hands.

### Fifth Affirmative Defense – Lack of Standing

41. ICS does not have sufficient rights in the '714 patent to maintain the allegations of patent infringement advanced in this action, or to seek or obtain the relief it requests.

### Sixth Affirmative Defense – Failure to Join Indispensible Party

42. ICS failed to name or join an indispensible party to this action, namely, Serge Saadhoun.

## Seventh Affirmative Defense – Failure to Mark

43.    ICS's claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. § 287.

Respectfully submitted,

December 31, 2008

/s/ Melvin R. Wilcox, III
Melvin R. Wilcox, III
Lead Attorney
State Bar No. 21454800
YARBROUGH WILCOX PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
(903) 595-1133
(903) 595-0191 (fax)
mrw@yw-lawfirm.com

Of Counsel:

Richard S. Gresalfi
Kevin J. Prey
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
(212) 425-7200
(212) 425-5288 (fax)

*Attorneys for Defendant*
Sony Electronics Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed and/or served electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on December 31, 2008.

*/s/ Melvin R. Wilcox, III*
MELVIN R. WILCOX, III